UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGEL RUIZ,

                    Plaintiff,

          -against-                                            23-CV-8660 (LTS)

CHARITA JONES & PARTNER, SPECIAL                        ORDER OF DISMISSAL
AGENTS NY C2 (FBI),

                    Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action under the court's diversity of citizenship jurisdiction, alleging that Federal Bureau of Investigation ("FBI") agent Charita Jones and her partner violated his rights by failing to properly investigate his report that he was the victim of a hate crime. By order dated October 5, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses this action.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff, a resident of Bronx, New York, brings this action, invoking the court's diversity of citizenship jurisdiction, against "Charita Jones & Partner Special Agent NY C2 (FBI)." He asserts that Defendants "did not do my investigation properly." (ECF No. 1 at 5.)[1]

Plaintiff alleges, *inter alia*, that

One year ago or more I report my hate crime to Special Agent FBI Chartia[2] Jones & Partner. And I explained to them. They need to subpoena the 911 call, the

---

[1] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. All other spelling, grammar, and punctuation are as in the original unless otherwise indicated.

[2] Plaintiff uses two different spellings for this Defendant's first name – Charita and Chartia – throughout the complaint.

police officers from the 43rd Precinct body camera's. and the same for the Public Safety officers. The camera's from the elevators, from downstairs from my building the cameras across the street from where the hate crime occur at the C-Town Supermarket Unionport Rd 1580 in the Bronx 10462, the body camera's from the public safety and their GPS. And the camera's from in and outside the Supermarket and the cell phone from the witness. They made me believe that they was going to do the S and a full investigation. 9-26-23 I received a phone call from Ms. Charita Jones Partner to tell me the case is closed. And I say to them how the case is closed. I ask did they subpoena the police and public safety and they said no. I ask them did they subpoena the manager and the witness cell phone and they said no. I ask them how you close the investigation if you don't have  . . ..

(*Id*. at 5-6.)[3]

Plaintiff alleges further that

You don't follow the rules, facts and the evidence by law. I ask them did the[y] see the video footage and they say no and that it's been more than a year and they don't. When I reported more than a year ago they could've got the video footage. The day of the hate crime I report to the police and the public safety. I call the C-Town Supermarket office and I spoke to a lady. I explain to her the manager verbally abused me and harassing me and put both his hands around my neck and tried to strangle me. She said to me I'm sorry that happen to you. And I ask her to see the footage in the camera because I already filed a complaint with the 43rd precinct, public safety of Parkchester. And I ask her so many times not to delete the camera footage. And it's clear to me that they destroyed the evidence. John Doe the Special Agent say to me on the phone 9-26-23. Because you don't like the outcome I say to him no sir you don't follow the law the rule the facts and the evidence. And he say to me why didn't you make a video of what happened to you. In a mean disrespectful tone. And I ask him to swear to oath to follow the rules the facts and the evidence. And he say to me you don't know my oath. I try to explain to him I can't make a video because he had his hands around my neck to strangle me. And in my mind I was thinking about breathing so I don't loose my life. And unfortunately he hung up the before I can explain to him. So FBI and special agent have no regard for the safety of my life.

(*Id.* at 10-11.)

---

[3] Plaintiff did not complete the last sentence of this portion of his allegations.

Plaintiff alleges the following as his injuries: "mental and physical PSD. I live in fear for the safety of my life. I'm afraid to go outside and be killed." (*Id.* at 6.) He seeks $10 million in damages.

**DISCUSSION**

**A.    Claims Under *Bivens***

Because Plaintiff alleges that employees of the federal government violated his constitutional rights, the Court construes Plaintiff's claims as arising under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state officials under [Section 1983].."); *Morales v. City of New York*, 752 F.3d 234, 237 (2d Cir. 2014) (holding that district court properly construed Section 1983 claims brought against federal employee as arising under *Bivens*).

To state a claim for relief under *Bivens*, a plaintiff must allege facts plausibly showing that: (1) the challenged action was attributable to an officer acting under color of federal law, and (2) such conduct deprived Plaintiff of a right, privilege, or immunity secured by the Constitution.[4] *See Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (citing *Bivens*, 403 U.S. at 389).

---

[4]The United States Supreme Court has recognized implied causes of action under *Bivens* in three contexts: (1) unreasonable search and seizure under the Fourth Amendment, *Bivens*, 403 U.S. 388 (1971); (2) employment discrimination under the Due Process Clause of the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228 (1979); and (3) inadequate medical treatment of a convicted prisoner under the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14 (1980). After deciding these three cases, the Supreme Court "made [it] clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity," *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017), and that a *Bivens* remedy is not available, "where there are 'special factors counselling hesitation in the absence of affirmative action by Congress,'" *Hernandez v. Mesa*, 137 S. Ct. 2003, 2006 (2017) (quoting *Carlson*, 446 U.S. at 18). Under *Ziglar*, unless a *Bivens* claim bears some resemblance to one of the three types of *Bivens* claims previously recognized by the Supreme Court, a court must hold that the claim constitutes a new *Bivens* context. 137 S. Ct. 1843, 1860 (2017). More

**B.       Failure to Investigate**

Plaintiff brings this action alleging that Defendants failed to properly investigation his claim that he was the victim of a hate crime at the C-Town Supermarket on Unionport Road in Bronx County, New York. A claim for relief under *Bivens* must allege facts showing that Defendants' conduct deprived Plaintiff of a right, privilege, or immunity secured by the Constitution. *Thomas*, 470 F.3d at 496.

The government generally has no duty under the Fourteenth Amendment to investigate or protect an individual against harm from others. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195-96 (1989); *Lewis v. Gallivan*, 315 F. Supp. 2d 313, 316-17 (W.D.N.Y. 2004) (holding that there is "no constitutional right to an investigation by government officials"); *Lewis v. New York City Police Dep't*, 2000 WL 16955, *4 (S.D.N.Y. Jan. 10, 2000) ("There is no constitutional right to force an officer to make an arrest.").

The Second Circuit has recognized two exceptions to this general rule. First, "when the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *DeShaney*, 489 U.S. at 199-200. Second, the government may assume some obligation when it affirmatively creates or increases the danger to the plaintiff. *See Dwares v. City of N.Y.*, 985 F.2d 94, 98-99 (2d Cir. 1993).

---

recently, the Supreme Court held that, even if a court finds that a case presents "parallel circumstances" with the three prior cases recognizing a *Bivens* remedy, a court may not find a *Bivens* remedy unless it also decides that there is no rational reason to think that Congress is better equipped to create such a remedy. *See Egbert v. Boule*, 142 S. Ct. 1793, 1805 (2022) (holding in the context of a Fourth Amendment claim under *Bivens* that "superficial similarities are not enough to support the judicial creation of a cause of action").

Plaintiff does not allege facts suggesting that either of these two exceptions is applicable here. The Court therefore dismisses the claim for failure to investigate that Plaintiff asserts, for failure to state a claim on which relief may be granted.[5] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.     Litigation History and Warning**

From August 18, 2023 through October 2, 2023, Plaintiff filed six other *pro se* complaints. *See Ruiz v. Parkchester Pub. Safety Dep't*, ECF 1:23-CV-7423, 6 (S.D.N.Y. Oct. 20, 2023) (dismissing action for failure to state a claim); *Ruiz v. City of New York Comm'n on Hum. Rts.*, ECF 1:23-CV-7422, 4 (S.D.N.Y. May 6, 2024) (same); *Ruiz v. United States*, ECF 1:23-CV-7421 (S.D.N.Y. June 24, 2024) (dismissing action for failure to state a claim and as barred under the doctrine of sovereign immunity); *Ruiz v. N.Y.C. Police Dep't, 43rd Pct.*, ECF 1:23-CV-7386, 4 (S.D.N.Y. October 10, 2023) (dismissing action for failure to state a claim and for lack of subject matter jurisdiction); *Ruiz v. HJ Family Corp.*, ECF 1:23-CV-7385, 7 (S.D.N.Y. June 3, 2024) (dismissing action for lack of subject matter jurisdiction). Plaintiff also filed an employment discrimination action in this court that was dismissed. *See Ruiz v. Keratin Bar*, ECF 1:17-CV-2216, 182 (S.D.N.Y. Aug. 10, 2023) (dismissing action without prejudice for failure to prosecute).

Plaintiff is warned that the further filing of nonmeritorious cases may result in an order directing him to show cause why he should not be barred from filing any further actions in this court IFP without first obtaining permission from this court to file his complaint. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) ("The unequivocal rule in this circuit is that the

---

[5] Because Plaintiff cannot state a viable claim for violation of any of his constitutional rights on the facts alleged in the complaint, the Court need not address whether any such claim may be asserted under *Bivens*.

district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard.").

## CONCLUSION

The Court dismisses the complaint for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff is warned that the further filing of nonmeritorious cases may result in an order directing him to show cause why he should not be barred from filing any further actions in this court IFP without first obtaining permission from this court to file his complaint.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to enter judgment in this action.

SO ORDERED.

Dated:    July 22, 2024
         New York, New York

                            /s/ Laura Taylor Swain
                             LAURA TAYLOR SWAIN
                             Chief United States District Judge